LOUIS J. DE PACE, Defendant Below, Appellant, v. RHODA O'NEAL, Plaintiff Below, Respondent.

*(September* 19, 1947.)

PEARSON, J., sitting.

*William H. Bennethum* and *Morton E. Evans* (of the firm of Marvel and Morford) for defendant below, appellant.

*William Prickett* for plaintiff below, respondent.

Superior Court for New Castle County, No. 133, March Term, 1947.

PEARSON, J.:

This action for damages arises out of an automobile collision at the intersection of New Castle Avenue and A Street in Wilmington. Without stating accurately the directions of the streets, it is sufficient here to describe A Street as running east-west, and New Castle Avenue as running northwest-southeast. Each acute angle of the intersection is about 15 degrees less than a right angle. Shortly after midnight on October 27, 1946, plaintiff was driving her automobile southeastwardly on New Castle Avenue. She approached the A Street intersection with which she was familiar. She testified that before entering it, she looked for other vehicles, but because of a building on her right and the acute angle of the intersection in that direction, she could not see up A Street toward the west; that she was driving at the rate of 15 miles per hour; that it was

not until the front of her car had entered the intersection that she saw the lights of a car driven by defendant approaching from the west on A Street, and that defendant's car had not then entered the intersection; that defendant was driving fast; that she put on the brakes, but it was too late to prevent a collision; that defendant's car struck the right front door of her car when the front of her car was two feet from the south curb line of A Street. Her car was thrust to the east by the impact and ultimately struck a brick building at the southeast corner of the intersection. Defendant sustained injuries and her car was damaged.

There is a traffic sign on the southwesterly side of New Castle Avenue (northwest of the intersection) in the center of which is the word "Slow" in large letters; above that is the word "School", and beneath, the words "10 miles per hr.", in smaller letters. At the trial, defendant offered proof of a regulation of the Street and Sewer Department of Wilmington, Section 602(b), which reads thus:

"Where any street is marked or signed by authority of the Street and Sewer Department at or near the property line of the intersecting street with markings or sign bearing the word 'Slow' the driver of a vehicle or coach approaching such 'Slow' sign shall bring such vehicle or coach to a speed not exceeding ten (10) miles per hour before entering onto or crossing the intersection street."

Defendant also offered to prove that the sign on New Castle Avenue was erected by authority of the Street and Sewer Department, contending that this would establish negligence per se on the part of plaintiff because she admittedly did not reduce the speed of her car below 15 miles per hour. Objections to these offers were sustained. After the jury found for plaintiff, defendant moved for a new trial and assigned the following reasons:

"1. The Court erred in not permitting the defendant to prove the rules and regulations of the Street and Sewer Department of the City of Wilmington with respect to the erection of 'slow' traffic signs in said City.

"2. The Court erred in not permitting the defendant to prove that the erection of a 'slow' traffic sign at the intersection involved in the collision was erected by authority of the Board of Directors of the Street and Sewer Department of the City of Wilmington.

"3. The Court erred in failing to direct a verdict for the defendant."

For present purposes, I shall assume that, if relevant, the regulation of the Street and Sewer Department was admissible in evidence although not referred to in the pleadings, and consider only the question of relevancy of the regulation under the circumstances of this case. Its relevancy depends upon whether the sign on New Castle Avenue was such that the maximum speed limitation of the regulation was applicable when plaintiff arrived at the intersection. In the language of the regulation, it applies where there is a "sign bearing the word 'Slow.'" The sign on New Castle Avenue did bear the word "Slow," but this was preceded by the word "School." It seems to me that the word "School" should reasonably be interpreted as an indication that the sign was erected solely because of the particular hazard arising from the presence of a school in the vicinity and the consequent use of the streets by many children. This hazard does not exist continuously, but only when children use the streets in attending sessions or activities at the school or on the school grounds, during the day or in the evening. Since there are numerous traffic signs throughout the city bearing the word "Slow" with no specific indication of the reason they are placed where they are, it is fairly to be inferred from the specification

of this hazard that the command signified by the word "Slow" is operative only when the hazard may reasonably be expected to exist, rather than at all times. Plaintiff approached the intersection a few minutes after midnight. This is certainly not an hour when it would be reasonable to expect that children would be present because of the school or school grounds. The sign with the word "Slow" qualified by the word "School" did not at that time make applicable the maximum speed limitation of the regulation. Consequently, neither the regulation nor the authority for the erection of the sign was relevant, and both were properly excluded from the evidence.

■ ■ This disposes of defendant's first and second reasons for a new trial. In support of the third, defendant contends that plaintiff was contributorily negligent so that she is barred from recovery. Defendant says it was negligent to drive into this intersection, with the existing obstructions to vision toward the west, at the rate at which plaintiff drove. Although there is some evidence that she was driving between 15 and 18 miles per hour, we must accept the lower rate because that is more favorable to plaintiff. I cannot agree that this was so clearly outside the range of the standard of what a reasonably careful and prudent driver should be expected to do under like circumstances that it should be held negligence as a matter of law. Whether driving at 15 miles per hour, under the attendant circumstances, constituted negligence was within the province of the jury to say. Hence, it was proper to refuse to direct a verdict for defendant.

The motion for a new trial should be denied.